IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07CR152-WHA |
| | ) | |
| CURTIS LEE POWELL | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:            DONNIE WAYNE BETHEL

ASSISTANT U.S. ATTORNEY:    VERNE H. SPEIRS

## COUNT AND STATUTE CHARGED:

Count 1        18 U.S.C. § 922(g)(1)
               Felon In Possession Of A Firearm

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1        18 U.S.C. § 922(g)(1)

## PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1        18 U.S.C. § 922(g)(1)
               NMT 10Y or
               NMT $250,000 or both;
               NMT 3Y SUP REL;
               $100 AF;
               VWPA.

## ELEMENTS OF THE OFFENSE:

   18 U.S.C. § 922(g)(1)

   First:     The defendant knowingly possessed a firearm or
              ammunition in or affecting interstate commerce, as
              charged; and

   Second:    Before the defendant possessed the firearm or
              ammunition, the defendant had been convicted in a
              court of a crime punishable by imprisonment for a
              term in excess of one year, that is, a felony
              offense.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and Donnie Wayne Bethel, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the Government will do the following:

a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should

2

the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

     b.   The United States agrees that a specific sentence of 55 months imprisonment is reasonable in this case.

     c.   The United States agrees that should Defendant qualify as an Armed Career Criminal under Title 18 United States Code Section 924(e), the Defendant shall have the right to withdraw from this plea agreement and proceed to trial or negotiate a new plea agreement.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

3

    a.    To plead guilty to Count 1 of the Indictment.

    b.    To forfeit all firearms in his possession.

    c.    Not commit any State, local or federal offenses.

## **FACTUAL BASIS**

Beginning from an unknown date and continuing until at least September 2006, a better date unknown to the Grand Jury, in Butler County, within the Middle District of Alabama, CURTIS LEE POWELL, defendant herein, having been convicted of felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

    1)    December 26, 1988 - Possession of Marijuana, in the Circuit Court of Butler County, Alabama, case number 87-49;

    2)    November 28, 1988 - Unlawful Sale of Cocaine, in the Circuit Court of Butler County, Alabama, case number 88-123;

did knowingly possess in and affecting commerce a firearm, to-wit: a Volunteer, 12 gauge shotgun, a better description of which is unknown to the grand jury. All in violation of Title18, United States Code, Section 922(g)(1).

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Except for ineffective assistance of counsel or prosecutorial misconduct, Defendant

4

expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to

5

be paid by the defendant on the date of sentencing. The
defendant will make an honest, good faith effort to pay said fee
as directed by the Financial Litigation Section of the United
States Attorney's Office. The defendant further understands that
by completing the financial statement, the defendant is
representing that it is true and accurate to the best of the
defendant's information, knowledge, and belief.

d.    The defendant understands that the defendant
has a right to be represented by an attorney at every stage of
the proceedings against the defendant herein and is represented
by the defendant's undersigned attorney.

e.    The defendant understands that the defendant
has the right to plead not guilty and has the right to be tried
by a jury and, at a trial thereof, has the right to the
assistance of counsel, the right to confront and cross-examine
witnesses against the defendant, the right to call witnesses in
the defendant's own behalf, and the right not to be compelled to
incriminate the defendant, and that if the defendant enters a
plea of guilty herein, there will not be a further trial of any
kind and that by the entry of such a plea, the defendant waives
the right to a trial by jury or to a trial before the Court.

f.    The defendant further understands that in
entering a plea of guilty herein, the Court may ask questions
about the offense to which the plea is entered and further

6

understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.   The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement.   The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.   The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.   The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

j.   The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to

7

the crime charged in the Indictment herein, or of statements made
in connection with and relevant to said plea or offer to plead,
shall not be admissible in any civil or criminal proceedings
against the defendant.  However, the defendant does understand
that evidence of a statement made in connection with and relevant
to a plea of guilty, later withdrawn, or an offer to plead guilty
to the crimes charged in the Indictment herein, is admissible in
a criminal proceeding for perjury or false statement when the
statement was made by the defendant under oath, on the court
record, and in the presence of counsel.

     k.  The defendant is satisfied that defense
counsel has been competent and effective in representing
defendant.

     5.  The undersigned attorneys for the government and
for the defendant represent to the court that the foregoing Plea
Agreement is the agreement of the parties that has been reached
pursuant to the Plea Agreement procedure provided for in Rule 11,
Federal Rules of Criminal Procedure, as Amended.  The attorney
for the defendant further advises the Court that the defendant
has been advised of the nature of the charge to which the
foregoing described plea is to be offered, and that the defendant
has been advised of the defendant's right to plead not guilty and
to be tried by a jury on all issues herein; of the maximum
possible penalty provided by law; that by the entering of a plea

of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

        6.  The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court.  The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history.  The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.  In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the

9

defendant will not have the right to withdraw the plea on that basis.

      7.  The Defendant understands that the United States Sentencing Guidelines are advisory.  Nevertheless, the sentencing Court will consult and consider the United States Sentencing Guidelines in conjunction with Title 18, United States Code, Section 3553.  Pursuant to the Guidelines and Section 3553, the sentencing Court will impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  The Court will impose a sentence to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

      This 23rd day of January, 2008.

                Respectfully submitted,

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                Louis Franklin, Sr.
                Criminal Chief

10

Verne H. Speirs
Assistant United States Attorney
Middle District of Alabama

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, Donnie Wayne Bethel

Curtis Lee Powell/DEFENDANT

Date 1/23/2008

For Donnie Wayne Bethel
Attorney for the Defendant

Date 1/23/2008

11